IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID B. PARTON,

                **Plaintiff,**

v.                              1:02-cv-2008-WSD

UPS LOGISTICS GROUP, INC.,

                **Defendant.**

**ORDER**

    This is an employment discrimination action in which Plaintiff alleges Defendant UPS Logistics Group discharged him because of his disability in violation of the Americans with Disabilities Act and the Family and Medical Leave Act. It is before the Court on Defendant's Motion to Strike Plaintiff's Expert Andrew C. Verzilli [140].

    Local Rule 26.2(C) provides that "[a]ny party objecting to an expert's testimony based upon Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993) shall file a motion no later than the date that the proposed pretrial order is submitted. Otherwise, such objections will be waived, unless expressly authorized by court order based upon a showing that the failure to comply was

justified." L.R. 26.2(C), N.D. Ga.  See generally Smith v. Am. Transitional Hosps., Inc., 330 F. Supp. 2d 1358, 1363-64 (S.D. Ga. 2004) (denying motion to exclude expert testimony as untimely under the district court's local rules).  Here, the parties' proposed pretrial order was submitted on September 1, 2005, and the pretrial conference was held on September 9, 2005.  Defendant did not move to exclude Mr. Verzilli's testimony prior to the date the parties submitted their proposed pretrial order, nor did it raise this issue in the proposed pretrial order or at the conference.  (See Consolidated Pretrial Order [137].)

The issue was raised for the first time by Defendant's motion to strike Mr. Verzilli's testimony, which was filed on January 23, 2006, more than four (4) months after the pretrial conference.  Defendant did not move for leave to file an untimely Daubert motion, nor did it attempt to explain or justify its failure to file this motion prior to the date the pretrial order was submitted, as required by Local Rule 26.2(C).  Accordingly, Defendant's objections to Mr. Verzilli's testimony under Rule 702 of the Federal Rules of Civil Procedure have been waived and its motion to strike his testimony is **DENIED**.

**SO ORDERED**, this 21st day of February, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE